IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY THOMAS,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-05-0665** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **JAMES P. BARKER,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

# M E M O R A N D U M

## I. Introduction

Plaintiff, Anthony Thomas, an inmate at the State Correctional Institution-Retreat in Hunlock Creek, Pennsylvania, commenced this action with a *pro se* civil rights complaint filed pursuant to the provisions of 42 U.S.C. § 1983. Named as Defendants are Dauphin County Deputy District Attorney James P. Barker and the "District Attorney Administrators." (Doc. 1 at 1.) Plaintiff claims that on May 17, 2004, he was charged by the Dauphin County Sheriff's Department with the crimes of (1) escape, (2) flight to avoid apprehension, and (3) resisting arrest. (Doc. 1 at 2.) Thereafter, on June 8, 2004, at Plaintiff's preliminary hearing for these charges, the Deputy Sheriff withdrew the escape and flight charges, and the resisting arrest charge was "held over for court." (Doc. 1 at 4.) Subsequently, the parties reached a plea agreement, which was rejected by the trial judge. On November 8, 2004, the Dauphin

County District Attorney re-filed the three original charges, together with an additional charge of aggravated assault.  (Doc. 1 at 3.)  Plaintiff is apparently challenging the propriety of the re-filed charges.  He seeks the court's assistance with his charges, he seeks to file charges against the Dauphin County District Attorney, and he seeks dismissal of the pending charges against him.  Also implicit in the complaint is a request for Plaintiff's release.[1]  For the following reasons, the complaint will be dismissed without prejudice, allowing the Plaintiff to pursue his claims pursuant to a properly filed petition for writ of habeas corpus.

## II.     Discussion

The Prison Litigation Reform Act (the "Act"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) established new obligations for prisoners who file civil rights actions in federal court, and wish to proceed *in forma pauperis*.  Section 1915A of the Act requires courts to screen complaints in civil actions in which a prisoner is seeking redress from a governmental entity or officer or employee of a governmental entity, and ". . . dismiss the complaint . . . if the complaint --- (1) is frivolous . . . or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b)(1) and (2).  Under the screening standards of § 1915A, the complaint fails on several grounds.

---

[1] "If it wasn't for this problem I would be home right now."  (Doc. 1 at ¶ V.)

To the extent Plaintiff is seeking his release from custody, his claim fails. A prisoner in state custody may not utilize a §1983 action to challenge "the fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *see also Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Wilkinson v. Dotson*, __ U.S. __, 125 S. Ct. 1242, 1245 (2005). In *Heck*, the Court recognized "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. Although "*Wolff* makes clear that § 1983 remains available for procedural challenges where success in the action *would not necessarily* spell immediate or speedier release for the prisoner," *Wilkinson*, 125 S.Ct. at 1247 (emphasis in original), a § 1983 action will not lie where "establishing the basis for the damages claim necessarily demonstrates the invalidity of the [conviction or sentence]." *Heck*, 512 U.S. at 481-482. Thus, to the extent that Plaintiff is challenging the fact or duration of his confinement by virtue of his pending prosecution, such a claim must be brought in a properly filed habeas action.

To the extent that Plaintiff seeks monetary damages for Defendants' "presumption of vindictiveness in prosecution" (Doc. 1 at 4), his constitutional cause of action for damages does not accrue "for allegedly unconstitutional . . . imprisonment . . . [until the Plaintiff proves that the] charges have been reversed on

3

direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-487.

Moreover, to the extent Plaintiff seeks monetary damages from the Prosecutor, Deputy District Attorney James P. Barker, and the "District Attorney Administrators" (Doc. 1 at 1), it is a well-established principle of law that certain government officials, including prosecutors, are entitled to varying levels of immunity. *See Butz v. Economou*, 438 U.S. 478, 507 (1978) (recognizing qualified immunity as a general rule). The law affords prosecutors absolute immunity only when engaged in conduct which is considered essential to their quasi-judicial role, such as presentation of evidence or legal arguments in court. *Imbler v. Pachtmani*, 424 U.S. 409, 430 (1976). It is clear that "[t]he decision to initiate a prosecution is at the core of the prosecutor's judicial role." *Kulwicki v. Dawson*, 969 F.2d 1454, 1463-64 (3d Cir. 1992). Consequently, a prosecutor enjoys absolute immunity with respect to such decisions even where "he acts without a good faith belief that any wrongdoing has occurred." *Id*. Moreover, alleged deficiencies in a prosecutor's decision making process are also within the ambit of absolute prosecutorial immunity. *See Id*. at 1411; *See also Rose v. Bartle*, 871 F.3d 331, 345 (3d Cir. 1989) (immunity attached despite prosecutor's failure to investigate prior to initiation of grand jury proceedings and lack of good faith

belief that unlawful conduct occurred). Consequently, since Plaintiff's claim clearly relates to the prosecutorial decision to file charges against him, Defendants are entitled to absolute immunity from monetary damages.

To the extent that Plaintiff seeks relief from Defendants other than monetary damages or release, his case will be dismissed as frivolous under § 1915A(b)(1). This section applies equally to cases that are *factually* frivolous and those that are *legally* frivolous. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). An action is *legally* frivolous if it is based upon an indisputably meritless legal theory, and may be dismissed under § 1915(e)(2)(B)(i). *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989). Indisputably meritless legal theories are those "in which it is . . . readily apparent that the plaintiff's complaint lacks an arguable basis in law . . . ." *Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990). "[T]he frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

In order to state a viable § 1983 claim, a Plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a "person" acting under color of state law, and 2) that said conduct deprived the Plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *West*

5

*v. Atkins*, 487 U.S. 42, 48 (1988); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). Plaintiff has not alleged any conduct on the part of Defendants that has deprived him of any right, privilege, or immunity secured by the Constitution or the laws of the United States. Although Plaintiff claims that he has been denied his liberty as a result of Defendants' actions, Plaintiff has no right to be free of prosecution for crimes he is accused of having committed. There is no allegation that Plaintiff has been denied due process afforded a defendant in such criminal prosecutions. The court is mindful that *pro se* parties are accorded substantial deference and liberality in federal court. *Haines v. Kerner*, 404 U.S. 519 (1972); *Hughes v. Rowe*, 449 U.S. 5 (1980). However, the most liberal construction of Plaintiff's complaint will not redeem the document, and the complaint will be dismissed without prejudice.

### III.    Conclusion

Since Plaintiff may not seek release from custody pursuant to a § 1983 action, Defendants are insulated from liability for monetary damages, a claim for monetary damages is precluded by *Heck*, and Plaintiff's complaint is legally frivolous, the complaint will be dismissed without prejudice. An appropriate order will issue.

                                                   s/Sylvia H. Rambo
                                                   SYLVIA H. RAMBO
                                                   United States District Judge

Dated: June 6, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY THOMAS,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-05-0665** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **JAMES P. BARKER,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## O R D E R

In accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's application for leave to proceed *in forma pauperis* (Doc. 2) is construed as a motion to proceed without prepayment of fees and costs, and the motion is **GRANTED** for the limited purpose of filing this action.

2. Plaintiff's complaint (Doc. 1) is **DISMISSED**, as legally frivolous, and as seeking monetary damages from a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915A(b)(1) and (2), without prejudice to Plaintiff raising his claims in a properly filed petition for writ of habeas corpus.[2]

3. The Clerk of Court is directed to close this case.

---

[2]Dismissal of this action does not relieve Plaintiff of the obligation to pay the full filing fee.

    4.  Any appeal from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

    5.  The Clerk of Court is directed to provide the Plaintiff with a copy of the form used in filing a petition for writ of habeas corpus.

                                              s/Sylvia H. Rambo  
                                              SYLVIA H. RAMBO  
                                              United States District Judge

Dated:  June 6, 2005.